USDC SCAN INDEX SHEET










RFM    11/12/99    9:02
3:99-M -02903   USA V. CASPER
*1*
*CRCMP.*

```
                            FILED
                      UNITED STATES DISTRICT COURT
                 99 NOV 10  SOUTHERN DISTRICT OF CALIFORNIA
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | 99 mg 2903 |
| Plaintiff, ) | Magistrate Case No. _____ |
| BY: _____ DEPUTY ) | COMPLAINT FOR VIOLATION OF |
| v. ) | U.S.C. Title 18 |
| DAVID J. CASPER ) | Section 1073 |
| Defendant. ) |  |

The undersigned complainant being duly sworn states:

That on or about November 8, 1999, at San Diego, California, within the Southern District of California, defendant DAVID J. CASPER did knowingly and willfully move and travel in interstate commerce with the intent to avoid confinement under the laws of the State of California for the felony crime of Burglary in the first degree, in violation of California Penal Code, Section 459(a), in violation of Title 18, United States Code, Section 1073.

And the complainant further states that this complaint is based on the attached affidavit which is incorporated herein by reference.

_____
DANIEL W. KOLOS
Special Agent, FBI

SWORN AND SUBSCRIBED TO before me
this 10TH day of November, 1999

_____
HON. JOSEPH SCHMITT
United States Magistrate Judge

1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

AFFIDAVIT

I, Daniel W. Kolos, being duly sworn, hereby depose and state as follows:

1. I am a Special Agent (SA) of the Federal Bureau of Investigation (FBI) assigned to the San Diego, California office. I currently investigate Title 18 U.S.C. 1073 (Unlawful Flight to Avoid Confinement) violations.

2. This affidavit is made in support of a Complaint charging David James Casper, date of birth April 28, 1973, with a violation of Title 18, United States Code, Section 1073, Unlawful Flight to Avoid Confinement.

3. On November 9, 1999, Parole Agent (PA) Patrick Minniss, California Department of Corrections, San Diego Parolee at Large Recovery Unit, requested assistance in locating and apprehending Casper. PA Minniss advised me of the following:

a. On May 7, 1993, Casper was convicted in San Diego County on the felony charge of Burglary in the first degree, in violation of California Penal Code section 459, place on probation, and given a suspended sentenced of 4 years in prison.

1

U.S. v. David J. Casper

(b) On August 20, 1993, Casper was convicted of escape without the use of force for walking away from an honor camp, and sentenced to one year in County Jail. Casper was placed on five years probation upon his release. During this period of probation, Casper tested positive for use of heroin, and on February 28, 1997, was received back in State Prison. Casper was paroled back into the community on January 1, 1999.

(c) On September 15, 1999, Casper failed to report to his parole agent as required. A check of Casper's current and prior residence's were made with negative result. On October 21, 1999, a warrant for Casper's arrest was issued by the California Department of Corrections.

4. Prior to Casper's release from prison, he was required to read and sign a Notice and Conditions of Parole document. The document states that Casper is to report to the Parole Office on the first working day after his release and any Change of residence, employment or termination of employment shall be reported to his parole agent within 72 hours . Casper was not to travel more than 50 miles from his residence without prior written approval from his parole agent. Casper was not to engage in criminal conduct prohibited by State, Federal, County, or Municipal law. Casper was not to own, use, have access to, or have under his control any type of firearm, or any instrument or device which a reasonable person would believe to be capable of

2

being used as a weapon. The document also advises Casper that should he violate the conditions of his parole, he would be subject to arrest, suspension and revocation of his parole.

     5. On November 8, 1999, information was developed by San Diego Police Department Detective Bob Sylvester that Casper had car jacked a black 1997 Audi A4 car, California license 1VAJ957, in San Diego, California. The car jack victim's description of the assailant matched the physical description of Casper. In the car jack victim's vehicle was a cellular telephone belonging to the victim. Toll records obtained by the Detective Sylvester indicated that subsequent to the car jacking, telephone calls were being placed from Las Vegas, Nevada, to known telephone numbers associated with Casper in the San Diego area.

     6. Detective Sylvester advised that on November 9, 1999, at approximately 10:00am, the "Bunkhouse" Sports bar in Las Vegas, Nevada, was robbed at gunpoint by an individual fitting the physical description of Casper. Witnesses observed the robber departing the scene of the robbery in a vehicle fitting the description of the vehicle car jacked in San Diego, on November 8, 1999. Detective Sylvester advised that prior to the car jacking and robbery in Las Vegas, Nevada, Casper had been a suspect in a series of robberies in San Diego, California, which include both street and

U.S. v. David J. Casper

commercial victims. Subject description has been consistent with Casper and that of an unknown accomplice. Suspect vehicle description has been consistent with vehicles known to be associated with Casper, in particular, a newer black Volvo, lowered, with a spoiler on the rear trunk. The San Diego Police Department has been unable to locate and arrest Casper.

7. It is the belief of the affiant that David James Casper has willfully and unlawfully fled the State of California to avoid confinement, in violation of the Fugitive Felon Act, Title 18, United States Code, Section 1073. Based on information supplied by the San Diego Police Department, the California Department of Corrections, and the Las Vegas Metropolitan Police Department, it is further believed that Casper has committed an armed robbery in the State of Nevada, and will continue to travel in furtherance of violent criminal acts.

8. PA Minniss advised that the California Department of Corrections will extradite Casper back to California should he be apprehended outside the State of California.

4

U.S. v. David J. Casper

        9. David James Casper is described as follows:

| | |
|---|---|
| Name: | David James Casper |
| DOB: | April 28, 1973 |
| Race: | White |
| Sex: | Male |
| Height: | 5'9" |
| Weight: | 170 pounds |
| Hair: | Blond |
| Eyes: | Blue |
| SSAN: | 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 |
| FBI#: | 21091VA8 |

_[signature]_
DANIEL W. KOLOS
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this 10th day of November, 1999.

_[signature]_
HON. JOSEPH SCHMITT
United States Magistrate Judge

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v. ) <br> ) <br> DAVID JAMES CASPER ) <br> ) | |
| WARRANT ISSUED ON THE BASIS OF: ) <br> __ Failure to Appear  __ Order of Court ) <br> __ Indictment         __ Information   ) <br> _X_ Complaint                              ) | Magistrate's Case No. mg 2903 <br><br> WARRANT FOR ARREST |
| TO: ) <br>     Any U.S. Marshal or other ) <br>     authorized officer       ) | NAME AND ADDRESS OF PERSON TO BE ARRESTED: <br><br> DAVID JAMES CASPER <br> Date of Birth 4/28/1973 |
| DISTRICT OF ARREST: ) | CITY OF ARREST: |

YOU ARE HEREBY COMMANDED to arrest the above-named person and bring that person before the United States District Court to answer to the charge(s) listed below.

DESCRIPTION OF CHARGES

UNLAWFUL FLIGHT TO AVOID CONFINEMENT

| IN VIOLATION OF | UNITED STATES CODE TITLE 18 | SECTION 1073 |
|---|---|---|
| BAIL - NO BAIL SET | OTHER CONDITIONS OF RELEASE | |
| ORDERED BY (signed) (SEAL) <br> /U.S. MAGISTRATE   BY <br> Hon. Joseph Schmitt | | DATE ORDERED <br> 11-10-99 <br> DATE ISSUED |

RETURN

THIS WARRANT WAS RECEIVED AND EXECUTED WITH THE ARREST OF THE ABOVE-NAMED PERSON.

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE |
|---|---|---|
| DATE EXECUTED | | |

Note: The arresting officer is directed to serve the attached copy of the charge on the defendant at the time this warrant is executed.